EASTERN DIST.
May, 1838.

HENNEN
vs.
WETZEL.

</div>

---

## HENNEN vs. WETZEL.

#### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where objection is made to a note, produced in evidence, on the ground that "there is a material variance between the note offered, and that described in the petition," the party objecting must point out the discrepancy in his bill of exception.

Bills of exception must set out the grounds and every thing necessary, to enable the appellate court to determine whether the inferior court erred or not.

This is an action by the plaintiff, as holder of the following promissory note, made and signed by the defendant.

" New-Orleans, 11th March, 1835.

" $610. Twenty-four months after date, I promise to pay to the order of John Hertzog, six hundred and ten dollars and no cents, for value received.

" AUGUSTE WETZEL.

Endorsed—" JOHN HERTZOG, F. W. LEA, ALFRED HENNEN."

The plaintiff. alleged in his petition, that on the 11th March, 1835, Auguste Wetzel gave his note, payable to the order of Hertzog, twenty-four months after date, in 'the sum of six hundred and ten dollars, etc., as appears by the note appended to the petition ; that said note was endorsed by said Hertzóg to F. W. Lea, and by him to the petitioner, etc. He prays judgment.

The defendant pleaded a general denial.

On the trial, the counsel for the defendant objected to any evidence being offered with regard to the note sued on ; "there being a very material variance between the note offered in evidence, and that described in the petition." The court decided, that the note being appended to the petition, cured any immaterial variance. The opinion of the court was excepted to.

From judgment rendered in favor of the plaintiff, the defendant appealed.

*Johnson*, for the plaintiff.

*Elwyn*, for the appellant.

Where objection is made to a note produced in evidence, on the ground that "there is a material variance between the note offered, and that described in the petition," the party objecting must point out the discrepancy in his bill of exception.

Bills of exception must set out the grounds, and every thing necessary to enable the appellate court to determine whether the inferior court erred or not.

*Carleton, J.*, delivered the opinion of the court.

At the trial of this cause, defendant's counsel objected to the introduction of the promissory note, upon which the action is brought, on the ground that there was "a very material variance between the note offered in evidence, and that described in the petition." The court overruled the objection, and a bill of exception was taken to his opinion, upon which the cause now comes before us by appeal.

The counsel has not vouchsafed to point out the discrepancy complained of, notwithstanding this court has repeatedly determined, that they cannot act upon bills of exception which do not contain every thing necessary to enable them to say whether the court erred or not. 8 *Martin, N. S.*, 389. 11 *Louisiana Reports*, 309.

It appears, moreover, from the certificates of both clerk and judge, that the testimony of one of the witnesses was

not reduced to writing, and does not consequently come up <span style="font-variant:small-caps">Eastern Dist.</span> with the record.                    *May*, 1838.

We think the defendant took the appeal for the purpose of delay only, and that this is a proper case for imposing the damages claimed by the appellee in his answer. *Code of Practice*, article 907.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with ten per cent. damages, and costs in both courts.